1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILBUR PITTMAN,

11              Plaintiff,                          No. CIV S-08-2803 KJM P

12        vs.

13   WILLIAM H. KANNDY, Judge, et al.,

14              Defendants.                         ORDER

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  The federal venue statute requires that a civil action, other than one based

18   on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides,

19   if all defendants reside in the same State, (2) a judicial district in which a substantial part of the

20   events or omissions giving rise to the claim occurred, or a substantial part of property that is the

21   subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

22   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

23        In this case, the defendants are located and the claim arose in Riverside County,

24   which is in the Central District of California.  Therefore, plaintiff's claim should have been filed

25   in the United States District Court for the Central District of California.  In the interest of justice,

26   /////

1

1  a federal court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28

2  U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

3          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

4  United States District Court for the Central District of California.

5  DATED:  December 8, 2008.

6  _____
   U.S. MAGISTRATE JUDGE

7

8  1/kly
   pitt2803.21a

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26